IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET E. VAUGHN, )
)
              **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 06-2213-KHV
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
              **Defendant.** )
_____)

**ORDER**

      Janet E. Vaughn appealed the final decision of the Commissioner to deny disability insurance benefits. On April 27, 2007, the Court reversed the Commissioner's decision and remanded the case for further proceedings. See Order (Doc. #11). On July 10, 2007, the Court awarded plaintiff $5,259.23 in attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #15). On remand, the Administrative Law Judge entered a decision in favor of plaintiff for $135,133.40 in past due benefits. This matter comes before the Court on the Unopposed Motion For 42 U.S.C. § 406(b) Fees (Doc. #16) filed July 22, 2008.

      Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee

arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In exchange for representation in her case, plaintiff agreed to pay her attorney, Roger M. Driskell, 25 per cent of any past due benefits which she ultimately received. By this motion, Driskell seeks fees of $33,783.35 (i.e. 25 per cent of the $135,133.40 in past due benefits which the ALJ awarded plaintiff). The Commissioner acknowledges that Driskell is entitled to fees, but asks the Court to confirm the reasonableness of the fee request.[1] Under the fee provision of the SSA, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. See id. After testing the reasonableness of the contingency fee agreement, the Court may reduce a fee award "based on the character of the representation and the results the representative achieved." Id. at 808.

Driskell argues that the 25 per cent contingency agreement is reasonable considering the hours that he spent on the case and the low success rate of social security appeals. The billing statement which Driskell has attached to the motion reflects a total of 53.5 hours of attorney time. These hours, however, include work which Driskell performed at the administrative level and which is not compensable by the Court under Section 206(b) of the SSA. See Wrenn, 525 F.3d at 937 (citing Harris v. Sec'y of Health & Human Servs., 836 F.2d 496, 497 (10th Cir. 1987) (under

---

[1] As authorized under Sections 206(a) and 206(b) of the SSA, the Commissioner is withholding 25 per cent of plaintiff's past due benefits (i.e. $33,783.35) for purposes of paying Driskell's fees. The Commissioner has already paid Driskell $5,300.00 in fees under Section 206(a), 42 U.S.C. § 406(a), for work performed at the administrative level. Under the fee payment scheme of the SSA, this payment is separate from any award which the Court makes and does not necessarily reduce the amount which Driskell may recover for work performed before this tribunal. Wrenn, 525 F.3d at 938 (under 42 U.S.C. § 406, each authority sets fees for work done before it; award by Commissioner does not limit Court award of fees).

Section 206(b), court has "authority to set fees for representation before the court, not for fees for representation before the agency")). Discounting the work which Driskell has performed at the administrative level, his billing statement reflects approximately 35 hours of work. The fee award of $33,783.35 which Driskell requests represents $965.24 per hour for that work. This request is exorbitant. In Gisbrecht, the Supreme Court counseled against awarding a windfall to a successful claimant's attorney and explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment [of the fee request] is . . . in order." 535 U.S. at 808. Even when the Court considers the low success rate of social security appeals, the difficulty of this case and the degree of success obtained, the requested fees are not reasonable.

In acknowledging the reasonableness issue, Driskell argues for application of the reduction rate applied in Whitehead v. Barnhart, No. 01-0095-CV-SW2SSAECF, 2006 WL 910004 (W.D. Mo. Apr. 7, 2006). Driskell argues that if the fee is reduced, the Court should reduce the hourly rate by a factor of 2.8 to account for the statistical rate of success of social security appeals. See id. at *2 (factoring hourly rate by 2.8 "in order to reduce it to an equivalent hourly rate of non-contingent work based on the statistical likelihood of approval"). Doing so results in an equivalent hourly rate of $344.73.[2] Under these circumstances, $344.73 is a reasonable hourly fee. Applying the 2.8 factor used in Whitehead, this award reflects an hourly rate which falls within the range of hourly rates typically awarded by the judges of this district in similar cases. See Smith v. Astrue, No. 04-2197-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (hourly rate of $389.61 typical of awards in

---

[2] In his motion, Driskell requests an hourly rate reduction from $631.46 to $225.52. Driskell's numbers, however, are based on 53 billed hours. As noted, Driskell's compensation under § 206(b) may not include hours billed at the administrative level. Therefore, after reducing Driskell's billable hours to 35 and applying the 2.8 factor from Whitehead, he is entitled to a rate of $344.73 ($33,783.35/35 hours = $965.22/2.8 factor = $344.73).

this district).

Because the award under Section 206(b) of the SSA is larger than the fee which the Court awarded under the EAJA, Driskell must refund to plaintiff the amount of the EAJA award (i.e. $5,259.23). See McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006) (counsel awarded fees under EAJA and SSA must refund smaller amount to claimant).

**IT IS THEREFORE ORDERED** that the Unopposed Motion For 42 U.S.C. § 406(b) Fees (Doc. #16) filed July 22, 2008 be and hereby is **SUSTAINED in part**. Plaintiff's attorney, Roger M. Driskell, is entitled to $13,513.34 in fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past due benefits. The remainder of the withheld benefits shall be paid to plaintiff.

**IT IS FURTHER ORDERED** that on or before **October 1, 2008**, Driskell shall refund to plaintiff $5,259.23, which he received as fees under the Equal Access to Justice Act.

Dated this 19th day of September, 2008 at Kansas City, Kansas.

                                  s/ Kathryn H. Vratil
                                  KATHRYN H. VRATIL
                                  United States District Judge